

BOAG LAW, PLLC
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

January 24, 2023

*via ECF and email*
The Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
cronannysdchambers@nysd.uscourts.gov

RE:     *True Return Systems LLC v. Compound Protocol*, No. 22-cv-08483-JPC
            Our File: TRUE.220217.COM

Dear Judge Cronan:

We write in response to the Court's January 18, 2023, Order requiring a letter describing the status of Plaintiff's efforts to serve Defendant Compound Protocol pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff respectfully requests an extension of time to effect service for the reasons described below.

Despite diligent efforts, Plaintiff has been unable to serve Defendant Compound Protocol because of the unique status of the entity, and those efforts have stalled. Upon information and belief, Defendant operates as a decentralized autonomous organization (a "DAO") and is not formally organized as a corporation, LLC, partnership, or other recognized organization, and has no physical address.[1] Defendant is controlled and operated on the Ethereum blockchain, with administration and governance run through the Compound forum website www.comp.xyz.

Plaintiff has made several efforts to effect service, which has been complicated by Defendant's unique structure. On October 12, 2022, we posted the Summons, the Complaint with exhibits, and a letter (Exhibit A) requesting waiver of service to the Compound forum at www.comp.xyz. That same day, we submitted a similar package by direct message to Compound's official Twitter handle, @compoundfinance.[2]

---

[1] A DAO is a blockchain-based form of organization or company with no central authority and thus no physical presence. The DAO is governed by its members who hold specific tokens (i.e., units of cryptocurrency) having governance rights that allow holders to propose and approve actions that the DAO will take. Holders of governance tokens thus may participate in the governance of a protocol, have a potential claim on its profits, and they share responsibility for its liabilities.

[2] It should be noted that on October 18, 2022, Plaintiff received a letter from counsel for "Compounds Labs, Inc." (Exhibit B) demanding withdrawal of the Complaint and denying that "Compound Labs" exists as a juridical entity, and thereby effectively refusing to accept service on Defendant. Plaintiff responded on October 24, 2022 (Exhibit C).

Plaintiff respectfully requests and additional 14 days to file a motion for leave to serve Defendant by electronic means, which will include a verified statement of Plaintiff's efforts at service to date and propose that service has already been completed by these means.[3]

                    Respectfully submitted,

                    BOAG LAW, PLLC

By: /s/ David A. Boag

David A. Boag (DB9899)
447 Broadway, Suite 2-270
New York, NY 10013
(212) 203-6651
dab@boagip.com

*Attorneys for Plaintiff True Return Systems LLC*

---

[3] In a case involving infringement of the same patent by another DAO, Plaintiff requested and was granted leave to serve a defendant using similar electronic means. *See True Return Systems LLC v. MakerDAO*, No. 22-cv-8478-VSB (S.D.N.Y. filed Oct. 5, 2022) at Dkt. Nos. 9-14, 25. Plaintiff proposes a similar procedure in the instant action.