

# RE: Compound's Use of U.S. Patent No. 10,025,797: Method and System for Separating Storage and Process of a Computerized Ledger for Improved Function

■ Governance Process

TrueReturn — Mar '22

1 / 2
Mar 2022

Mar 2022



David A. Boag
BOAG | LAW, PLLC
447 Broadway, Ste. 2-270
New York, NY 10013
212.203.6651
dab@boagip.com

March 10, 2022

Compound Finance
(d/b/a Compound Protocol, Compound Finance, compound.finance)
COMP Owners and Compound Finance Governance

via forum post to www.comp.xyz
via Twitter to twitter.com/compoundfinance

RE: Compound Finance's Use of U.S. Patent No. 10,025,797: Method and System for Separating Storage and Process of a Computerized Ledger for Improved Function

Dear COMP Owners and Compound Finance Governance:

Our firm represents True Return Systems, LLC ("TRS"). This letter summarizes TRS's position concerning the use of its patented technology without a license.

U.S. Patent No. 10,025,797 is generally directed to systems and methods that improve distributed ledger technology by addressing computational, time, storage, and security constraints inherent to distributed ledgers such as blockchains. The general approach of the '797 Patent is to separate certain processing and storage functions from a base distributed computerized ledger while linking the separated processing and storage to a base distributed computerized ledger. The technology described in the '797 Patent was developed exclusively by TRS.

TRS and its predecessor organizations are inventor-led and have been inventing solutions relating to ledger systems, integrated data sourcing, and linked storage arrangements for more than a decade. We are confident in the novelty and enforceability of the '797 Patent, which was duly issued by the USPTO and thus entitled to a statutory presumption of validity under 35 U.S.C. § 282. The '797 Patent was granted under the USPTO's Track One or "prioritized examination" which exists so that patents covering cutting-edge, economically significant subject matter can take priority.

www.boagip.com

Based on publicly-available information, we believe that Compound Finance is using the technology claimed in at least Claims 1 and 7 of the '797 Patent. The '797 Patent and claims charts showing the correspondence between the Compound Finance system and Claims 1 and 7 of the '797 Patent are attached as a link under "preliminary exhibits" and are accessible at www.truereturnsystems.com/e-docs.

In earlier communications, counsel representing Compound Labs, Inc. denied that Compound Labs, Inc. (itself) is infringing the '797 Patent, but they declined to make similar representations for the Compound Finance protocol or the owners of the COMP token.[1]

DAOs and Membership Liability

To the best of our knowledge, Compound is not legally organized to operate in any state, but rather represents that it is operated by the owners of the COMP token through decentralized governance. The COMP token serves essentially the same purpose as tradable partnership interests or voting tradable shares in an unincorporated entity. According to Compound Finance documentation and press releases from Compound Labs, Inc., COMP owners operate the governance functions, treasury functions, and control the rights over distributions and distribution entitlements for the Compound Finance DAO's business operations.

Counsel for Compound Labs Inc recently authored an article directed at the partnership liability for a DAO, titled entitled "Opinion – How to Do Business as a DAO." In the article counsel argues:

> There is a risk the DAO could be considered a general partnership or unincorporated association. This might expose its members to personal liability for any of the DAO's actions and obligations, and discourage businesses, institutional investors, or other vulnerable or regulated entities from participating in DAOs.[2]

Crypto counsel for Andresseen Horowitz's a16 co-authored a whitepaper in which he similarly noted risks to DAOs include:

> Significant legal precedent exists for U.S. courts utilizing a functional approach to determining whether a partnership was formed irrespective of disclaimers and specific intent to not form a partnership.

> In a practical sense, the operational structure of a DAO provides certain advantages against liability as the smart contracts prevent much of the legal risk of a typical

---

[1] For the avoidance of doubt, TRS believes that Compound Lab Inc's counsel distinctions between Compound Finance and Compound Labs Inc will have no bearing on TRS's claims or the anticipated outcomes.
[2] See "Opinion – How to Do Business as a DAO", Oct. 20, 2021, www.coindesk.com/policy/2021/10/20/how-to-do-business-as-a-dao/.

-2-

> organization by providing an unambiguous and efficient method for transactions to be processed…However, if a judgement were to be entered, accessing DAO resources would require a vote of the widely dispersed and pseudonymous members, who could be unwilling to utilize treasury assets to satisfy any judgement, increasing the risk that such liability falls on individual DAO members.[3]

To paraphrase, if it looks like a general partnership and acts as a general partnership, courts are likely to treat it as a general partnership.

The author of a 2018 law review article was even more forthright, predicting that courts will ultimately put form over substance and recognize DAOs as general partnerships:

> Because decentralized organizations do not have a recognized legal status, the limited liability protection afforded to many other organizations is not available— leaving individuals subject to personal liability because of their investments.[4]

While the writings of private practice attorneys and internet commentators do not make law, it appears that the majority of papers and articles are similarly aligned on matters of potential DAO liability.[5] General partnerships have no corporate form and do not provide partners with the liability limitations contained in other common entity structures.

The Compound Finance DAO, COMP owners, and Compound Labs, Inc.

We expect the owners and operators of the Compound Finance protocol may rely on entanglement of names to misdirect the identity of the DAO's owners and operators where the mix of names may include Compound, Compound Finance, Compound Protocol, the Compound Finance Protocol, Compound Labs, Inc., and the website compound.finance. We do not expect a

---

[3] See D. Kerr et al., A Legal Framework for Decentralized Autonomous Organizations, pp. 12-13, a16z.com/wp-content/uploads/2021/10/DAO-LegalFramework-Jennings-Kerr10.19.21-Final.pdf, last accessed Dec. 6, 2021.
[4] See L. Metjahic, Deconstructing the DAO: The Need For Legal Recognition and the Application of Securities Laws to Decentralized Organizations, Cardozo Law Review, v. 39, pp. 1547-48 available at cardozolawreview.com/wp-content/uploads/2018/07/METJAHIC.39.4.pdf, last accessed Dec. 6, 2021
[5] See Sladden, Arps, Slate, Meagher & Flom LLP, "The Distributed Ledger: Blockchain, Digital Assets and Smart

