```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
TRUE RETURN SYSTEMS, LLC,                                              :
                                                                       :
                                Plaintiff,                             :
                                                                       :   22 Civ. 8483 (JPC)
                -v-                                                    :
                                                                       :   ORDER
COMPOUND PROTOCOL,                                                     :
                                                                       :
                                Defendant.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 1, 2023, Plaintiff True Return Systems, LLC moved to serve Defendant Compound Protocol via alternative means. Dkt. 13. Federal Rule of Civil Procedure 4(h) provides the rules for service of "a domestic or foreign corporation, or a partnership or other unincorporated association," and allows for service within the United States either (1) in accordance with Rule 4(e)(1) for service of an individual or (2) by delivering a copy of the summons and complaint to an agent authorized to receive service of process. Rule 4(e)(1) provides that an individual may be served either in accordance with state law applicable to service "in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by other means not applicable here.

Plaintiff seeks to effect service in accordance with state law under Rule 4(e)(1). Dkt. 14 ("Motion") at 7-8. Plaintiff argues that the applicable New York state law provision is N.Y. C.P.L.R. section 310. *Id.* at 8. That provision provides the means of effecting service on a partnership. While Plaintiff does state that "[i]n the absence of legal entity status, Compound Protocol is properly treated as a general partnership," it also asserts "[t]he Court need not reach the question of whether Defendant is properly classified as a general partnership", as opposed to

an unincorporated association, under New York law. Motion at 9 n.4. Moreover, Plaintiff's only citation for the claim that Defendant is a general partnership is a provision of the N.Y. C.P.L.R. which does not appear to support that proposition. *Id.* at 8.

The proper categorization of Defendant matters because the methods of service provided by New York law differ depending on whether a defendant is a partnership or an unincorporated association. N.Y. C.P.L.R. section 310 provides four specific means of serving a partnership including (a) personal service upon one of the partners, (b) delivering the summons to an agent of the partnership and additionally mailing the summons to an individual partner, (c) if (a) or (b) cannot be done, by affixing a summons to the door of the place of business of the partnership and mailing the summons to an individual partner, or (d) personally serving an agent authorized to receive service. Additionally, section 310(e) provides that if service is "impracticable" under methods (a) through (c), service may be made "in such manner as the court, upon motion without notice directs." N.Y. C.P.L.R. § 310(e). It is section 310(e) that Plaintiff argues gives the Court the means to order alternative service on Defendant. Motion at 8.

On the other hand, no provision of the N.Y. C.P.L.R. directly provides a means of serving an unincorporated association as an entity. Instead, N.Y. C.P.L.R. section 1025 provides that "actions may be brought by or *against the president or treasurer* of an unincorporated association on behalf of the association in accordance with the provisions of the general associations law." (emphasis added). New York General Associations Law section 13 allows for an action "against the president or treasurer of such an [unincorporated] association," but does not provide for an action against the association itself and therefore provides no means for serving process on an unincorporated association. For that reason, it is not clear that the Court could order alternative service if Defendant is an unincorporated association.

By February 27, 2023, Plaintiff shall submit additional briefing addressing the following

2

questions: (1) whether service of process may be effected upon an unincorporated association as an entity under New York law; (2) whether the Court must determine at this stage of the case whether Defendant is an unincorporated association or a partnership; and (3) whether Compound Protocol is properly treated as an unincorporated association or a partnership.

    SO ORDERED.

Dated: February 13, 2023
       New York, New York

                                        JOHN P. CRONAN
                                    United States District Judge