# MorrisonCohen LLP

Jason P. Gottlieb
Partner
(212) 735-8600
jgottlieb@morrisoncohen.com

May 5, 2023

**VIA ECF**
Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY  10007

Re:   True Return Systems, LLC v. Compound Protocol, No. 1:22-Cv-08483

Dear Judge Cronan:

This firm represents Compound Labs, Inc. ("Labs").  We write pursuant to Rule 6(A) of Your Honor's Individual Rules and Practices in Civil Cases for leave to file a motion for Labs to intervene, pursuant to Fed. R. Civ. P. 24, as a defendant-counterclaimant.

**Procedural Background.**  On October 5, 2022, Plaintiff True Return Systems, LLC commenced the instant action alleging a claim for patent infringement against defendant described as "Compound Protocol."  *See* ECF 1 (the "Complaint" or "Compl."). Plaintiff obtained the patent at issue in 2018, at roughly the same time that the software at issue in this case was launched.

Labs is decidedly not "Compound Protocol."  "Compound Protocol" is nothing more than software, which Labs originally developed and launched, before turning it over to a widely dispersed community of users to do with as they please.  That community is also decidedly not "Compound Protocol," which, again, is just software.  However, despite repeated explicit warnings, Plaintiff sued the software, and only the software.

Plaintiff's game is transparent: Plaintiff sues software, then alleges that the named defendant, "Compound Protocol," "operates as a decentralized autonomous organization (a "DAO") and [is] not formally organized as a corporation, LLC, partnership, or other recognized organization type which would serve to limit the liability of its COMP token holders." (Compl. ¶ 12).  Plaintiff then alleges that COMP token holders control the protocol. (*See* Compl. ¶¶ 84-95).  Consequently, Plaintiff asserts that all COMP holders are jointly and severally liable to Plaintiff.  (*See* Compl. ¶¶ 23-24).

Plaintiff thus hopes that by initially suing a non-juridical entity, nobody actually shows up to defend the case (which is what has happened, until now), and then Plaintiff can wield a default judgment against any COMP token holders with deep pockets on some type of "partnership" theory.

Labs is not the "Compound Protocol" (again, just software) and Labs is not the "Compound DAO" (whatever that means).  However, Labs has an interest in this case, because Labs initially developed and released the protocol that is alleged to infringe Plaintiff's patent. Labs believes that the patent is invalid (and was improperly granted), and that Plaintiff's claims of infringement are frivolous.  Labs proposes to intervene, to demonstrate those propositions to the Court, and to protect its own interests.

Hon. John P. Cronan
Page 2

**Labs Is The Real Party In Interest.** Proposed Intervenor Labs is a software development company. In 2018, Labs launched the Compound Protocol, an open-source software protocol on the Ethereum blockchain. In June 2020, Labs relinquished control by turning over the protocol to holders of a cryptoasset known as COMP.

The Complaint repeatedly confuses and conflates the alleged activities of Labs, on the one hand, with software (the Compound Protocol), or with the unaffiliated people who may use that software, or coordinate on certain aspects relating to it (loosely, the Compound DAO). (*See, e.g.*, Compl. ¶¶ 42-83). For example, Plaintiff alleges (emphasis added):

- "Compound Protocol" "operat[es] from the website https://compound.finance," which is the website **owned and operated by Labs** (Compl. ¶ 4);
- "**Robert Leshner [former CEO of Labs]** introduced the Protocol … and informed readers that **Compound** was in the process of developing the Protocol" (*id.* ¶ 5);
- "**Compound Labs** deployed the Protocol to the Ethereum mainnet" (*id.* ¶ 9);
- "**[Labs] and Robert Leshner have been holders of COMP tokens**" (*id.* ¶ 10);
- the protocol "has been periodically controlled by an administrator account which was **originally operated by [Labs]**" (*id.* ¶ 35);
- "**[Labs] develop[s] and promote[s]** the Compound blockchain environment to individuals and institutions in the U.S." (*id.* ¶ 40); and
- that a whitepaper and other documents, certain of which were **authored by Labs**, evidence infringement (*see generally id.* ¶¶ 42-83).

Though Plaintiff has named only "Compound Protocol" as a defendant, Plaintiff alleges that Labs infringed upon Plaintiff's patent when it developed and launched the subject software (see Complaint ¶¶ 9, 34) or formally controlled the software (see Complaint ¶ 35), and that Labs is jointly and severally liable for continued infringement to this day because Labs allegedly hold COMP tokens (see Complaint ¶¶ 10, 12-13). Thus, Labs has a substantive interest in challenging Plaintiff's claims that it and the Compound Protocol infringe the patent and that the patent itself is valid and enforceable.

**Labs' Proposed Intervention Is Proper.** Labs' proposed motion to intervene as of right will allow it to protect its interests, challenge the validity of Plaintiff's alleged patent, and otherwise mount a defense to Plaintiff's patent infringement claim. The motion is proper because Labs can demonstrate (1) timeliness of its motion, (2) interest in the action, (3) that the interest may be impaired by the disposition of the action, and (4) that its interests are not adequately protected by the parties to the action. Fed. R. Civ. P. 24(a)(2); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (quotation marks and internal citation omitted).

Labs amply satisfies these requirements. First, its motion is timely, coming well before any substantive action has commenced.

Second, Labs has direct and substantial interests that may be impaired by the disposition of the action. The Complaint alleges that Labs infringed upon Plaintiff's patent, and that Labs is liable to Plaintiff

Hon. John P. Cronan
Page 3

for infringement either directly (for developing and launching the software) or indirectly (as an alleged COMP token holder).

Finally, Labs' substantial interests are not adequately protected by the named defendant, "Compound Protocol." Software has no legal existence and does not have the capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b); *Roby v. Corporation of Lloyd's*, 796 F. Supp. 103, 105 (S.D.N.Y. 1992) ("Both capacity to be sued and legal existence are prerequisites to the suability of an entity . . . ."). Plaintiff intentionally named a sole defendant that has no ability to appear and mount a defense; there is little question that the Compound Protocol software cannot adequately protect Labs' interests. *See e.g.*, *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Am.*, 262 F.R.D. 348, 252 (S.D.N.Y. 2009) (granting intervention to parties that had an interest in the litigation); *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 803 (2d Cir. 2022). Labs should be afforded the opportunity to intervene to defend against the infringement allegations and challenge the validity of Plaintiff's patent.

Labs will also move, in the alternative, for an Order for permissive intervention, which allows the Court to "permit anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Labs' defenses of non-infringement and patent invalidity are more than common questions of law and fact that overlap with the Complaint's main allegations; they are the identical issues. Labs' participation will lead to a more full and fair development of the factual, technical, and legal issues relating to infringement, validity, and enforceability of Plaintiff's alleged patent, since Labs is highly knowledgeable about the subject software and prior art, and has the legal capacity to appear and litigate.

<u>Proposed Briefing Schedule.</u>  Labs respectfully proposes that Labs' motion to intervene will be due within 28 days of the Court's grant of leave to file the motion; Plaintiff's opposition, if any, will be due 28 days after Labs' motion is filed; and Labs' reply in further support of its motion will be due 14 days after Plaintiff's opposition is filed. Labs submits that there is good cause to set this schedule to permit Labs time to prepare a proposed answer and counterclaim, as required by Rule 24(c), allow the parties to devote time to fully brief and present to the Court the complex and technical facts and their respective arguments, enhance the presentation of these factual and legal issues to the Court, and allow the parties to litigate the matter in a more organized and efficient manner.

For the reasons set forth above, Labs respectfully requests that it be permitted to move to intervene pursuant to Rule 24(a)(2) or, in the alternative, pursuant to Rule 24(b). Thank you for your attention to this matter.

Respectfully submitted,

/s/ Jason P. Gottlieb

Jason P. Gottlieb

cc: All counsel of record