BOAG LAW, PLLC
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

May 8, 2023

*via ECF and email*
The Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
cronannysdchambers@nysd.uscourts.gov

RE: *True Return Systems, LLC v. Compound Protocol, No.*, 1:22-cv-08483
Our File: TRUE.220217.COM

Dear Judge Cronan:

Plaintiff respectfully writes in response to the May 5, 2023, letter from counsel for Compound Labs, Inc. ("Compound Labs") and its request to be permitted to move to intervene under F.R.C.P. 24(a)(2) or 24(b). Plaintiff respectfully requests that this request to intervene be denied.

The official statements and court filings of Compound Labs—in which Compound Labs repeatedly affirms that it is distinct and unrelated from the named Defendant—cannot be reconciled with Compound Labs' request to intervene, ostensibly because it has an interest in this action. Even if Compound Labs could show the requisite interest in this action (which it cannot), its decision to wait for more than seven months from the inception of this action render the request fatally untimely.

Compound Labs' Public Statements and Court Filings Confirm a Lack of Interest

Based on the public representations of Compound Labs relating to Compound Protocol, Compound Labs should be denied participation as an intervenor. In public statements beginning around June 2020, Compound Labs consistently declared that it has no interest in Compound Protocol, whether relating to ownership, governance, operation, profits, transactions, or other factors.

While the representation that Compound Protocol is "merely software" is demonstrably untrue, the disclosures and representations surrounding Compound Protocol's unrelated and

disinterested separateness from Compound Labs, Inc. do appear to be true, making its intervention in this action inappropriate.[1]

In 2020, Compound Protocol's general counsel announced a turnover of Compound Protocol to owners of the COMP token and confirmed that Compound Labs, Inc. would henceforth have no operational, management, or profit interest in Compound Protocol. (*See* ECF. No. 16, Exh. 5, Jake Chervinsky, "The Compound Protocol Belongs to the Community," June 16, 2020). The language of Compound Labs was unambiguous:

- "[T]he protocol's users are also its owners and managers . . . . Our core work on the Compound protocol is done." (*Id*.)

- "[O]ur employees may decide to participate in governance as individual members of the community themselves (or not). Beyond that, we leave the protocol to you." (*Id*.)

- "Compound Labs [will not] participate directly in governance, such as by voting or delegating COMP" (*Id*.)

- "Compound Labs [will not] serve a continuing managerial role in community governance." (*Id*.)

- "Now that the user distribution system is live, it's time for us to step back and for the community to take charge." (*Id*.)

- "Compound Labs [will not] privately coordinate votes for or against governance proposals" (*Id*.)

- "We [Compound Labs] ***don't profit directly from the protocol at all***." (*Id*.) (emphasis added).

Compound Labs has continued to take this position in court filings. In one example, Compound Labs was one of a group of defendants named in an action related to a cryptocurrency-based lottery. (*See Kent vs. Pooltogether, Inc.*, et al, No. 21-cv-06025 (E.D.N.Y filed Oct. 29, 2021). In support of a June 2022 Motion to Dismiss, Compound Labs submitted a memorandum (*Id*. at ECF No. 95) unequivocally distancing itself from Compound Protocol:

---

[1] In its letter, Compounds Labs' makes several assertions about the motivations of Plaintiff in naming Compound Protocol, suggesting that naming Compound Protocol was done to engineer a default. Plaintiff named Compound Protocol as the Defendant in this action for the sole reason that it infringes Plaintiff's patent rights. (Compl. ¶¶ 84-95). As a distributed autonomous exchange ("DAO"), it is the party that infringes Plaintiff's patent rights and far from being a fringe legal theory, there is significant industry opinion and growing legal opinion that members of a DAO may be held liable under a partnership theory. *See, e.g.*, *Order, CFTC v. Ooki DAO*, No. 22-cv-05416 (N.D. Cal. Dec. 20, 2022_ at ECF. No. 63 (finding that a DAO has the capacity to be sued as an unincorporated association; rejecting amici's theory that suing a DAO is akin to suing any other technology, or like trying to hold "the internet" liable).

- "Plaintiff thinks that the Compound Protocol software was used in some way that violates a New York law. But that complaint has nothing whatsoever to do with Compound Labs, who is not alleged to have done anything other than create the Compound Protocol software." (*Id*. at 1.)

- "Compound Protocol is not owned operated or administered by Compound Labs." (*Id*. at 2.)

- "The Compound Protocol is just software on the internet. Anyone can use it." (*Id*.)

- "Compound Labs (which is a company) is not the same thing as Compound Protocol, which is no more than software on the internet that is freely available for anyone to use." (*Id*. at 6.)

- "Plaintiff cannot hold Compound Labs liable under [N.Y.S. General Obligations Law] for anyone else's actions on the decentralized autonomous software that is the Compound Protocol." (*Id*. at 7.)

- "The Compound Protocol is simply a tool . . . ." (*Id*. at 8.)

Compound Labs cannot now change its position to assert an interest when it has clearly and unambiguously disavowed any such interest.

Intervention under the Federal Rules requires that the proposed intervenor have a claim or defense that shares with the main action a common question of law or fact. In contrast, Compound Labs, Inc. has diligently disclosed that Compound Labs' connection, interest, reliance on, and relationship with Compound Protocol is no greater than anyone else's on the internet. Compound Labs' own words establish that it will not be able to show the requisite interest under the Rules.

<u>Compound Labs' Proposed Motion is Untimely</u>

A motion to intervene must also be timely. Compound Labs and its counsel have been aware of this litigation from its inception and of Plaintiff's claims for more than 16 months. (*See* ECF No. 11, Exh. 2). For whatever reason, Compound Labs elected to wait seven months into this action seek to intervene despite having full knowledge of the action from its inception. The suggestion that it has acted promptly is not credible. For this reason alone, the request should be denied.

<u>Defendant Has Affirmatively Decided to Not Appear</u>

Defendant has shown itself to be capable of engaging counsel when it sees a strategic advantage. As an example, Defendant's governance team hired legal counsel to review and update its "Compound Grant Program 2.0," including regulatory compliance. *See* Compound Forum, "CGP 2.0 – Delegated Domain Allocation by Questbook," posted October 2022, https://www.comp.xyz/t/cgp-2-0-delegated-domain-allocation-by-questbook/3352/45.

That Compound Protocol engages counsel for its business activities but has failed to appear before this Court indicates that its non-appearance is a strategic business decision and not a limitation for which participation by Compound Labs is the appropriate remedy.

\* \* \*

Taken together, the statements and court filings from the proposed intervenor indicate that Compound Labs, Inc. does not have a genuine interest here, but may be interested in delaying and frustrating the proceedings. Plaintiff thus opposes Compound Labs' proposed motion to intervene.

Despite Plaintiff's opposition to the intervention of Compound Labs, Plaintiff requests that the Court continue the date for compliance with its April 25, 2023 Order (ECF No. 22) on a motion for default judgment until after it rules on the request of Compound Labs.

Respectfully submitted,

BOAG LAW, PLLC

By: /s/ David A. Boag

David A. Boag (DB9899)
447 Broadway, Suite 2-270
New York, NY 10013
(212) 203-6651
dab@boagip.com

*Attorneys for Plaintiff True Return Systems LLC*

Compound Labs shall file its motion to intervene by June 6, 2023.  Plaintiff shall file its opposition by July 5, 2023.  Compound Labs shall file its reply, if any, by July 19, 2023.  The deadlines currently scheduled for Plaintiff's motion for a default judgment are adjourned *sine die*.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 38.

SO ORDERED.
Date: May 9, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge