# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUE RETURN SYSTEMS LLC, | |
| Plaintiff, | Case No. 1:22-cv-08483 |
| vs. | **[PROPOSED] ANSWER OF COMPOUND LABS, INC. WITH <u>COUNTERCLAIMS</u>** |
| COMPOUND PROTOCOL, | |
| Defendant. | |
| COMPOUND LABS, INC., | |
| Counterclaim Plaintiff, | |
| vs. | |
| TRUE RETURN SYSTEMS LLC, | |
| Counterclaim Defendant. | |

Intervenor-Defendant Compound Labs, Inc. ("Labs"), as and for its Answer to the Complaint against it by Plaintiff True Return Systems LLC ("TRS" or "Plaintiff"), states and alleges as follows:

1.      Paragraph 1 of the Complaint states legal conclusions to which no response is required.  Labs otherwise admits that U.S. Patent No. 10,025,797 appears to be attached to the Complaint as Exhibit 1, and that Plaintiff purports to bring an action for infringement of the '797 Patent against a defendant described in the Complaint as "Compound Protocol."

<u>**Nature of the Action**</u>

2.      Paragraph 2 of the Complaint states legal conclusions to which no response is

required.  Labs otherwise admits that Plaintiff purports to bring claims pursuant to the laws referenced in Paragraph 2.

**Parties**

3.      Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      Labs admits that a protocol commonly known as called "Compound" is a decentralized autonomous software protocol.  Labs denies that it is an organization.  Labs also denies that Compound is "controlled and operating" at the Ethereum blockchain address 0xc00e94cb662c3520282e6f5717214004a7f26888.  Labs admits that this protocol is accessible from the website https://compound.finance/, but denies that it is "operating from" that website. Labs denies that said protocol is governed and administered through the website https://www.comp.xyz.  Labs otherwise denies the allegations of Paragraph 4 of the Complaint.

5.      Labs admits that Robert Leshner introduced the development of a protocol called "Compound" in January 2018 in an online blog post on Medium.  Labs otherwise denies the allegations of Paragraph 5 of the Complaint.

6.      Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except denies that "a protocol is comprised of groups of voting and governing owners, software coders, and system administrators who collectively deploy and maintain software and devices which operate on, or are connected to, a blockchain."

7.      Labs admits that a protocol called "Compound" records entries on one or more blockchains.  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.      In response to the allegations of Paragraph 8 of the Complaint, Labs refers to the publication titled "DeFi Protocols: A Complete Overview" for its contents.

9.      Labs admits that in September 2018 Compound Labs deployed software on the Ethereum mainnet.  Labs otherwise denies the allegations of Paragraph 9 of the Complaint.

10.     Labs admits that governance of the protocol called "Compound" is exercised by COMP token holders.  Labs admits that Robert Leshner has been a holder of COMP tokens.  Labs admits that it turned administration and control of Compound Protocol over to COMP token holders.  Labs otherwise denies the allegations of Paragraph 10 of the Complaint.

11.     Labs admits that COMP tokens are tradeable on certain cryptocurrency exchanges and that access to the protocol called "Compound" is available through, among numerous other access points, the website address https://compound.finance/ and through the Ethereum blockchain network.  Labs otherwise denies the allegations of Paragraph 11 of the Complaint.

12.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except states that the Protocol is software on the internet.

13.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

### Jurisdiction and Venue

14.     Paragraph 14 of the Complaint states legal conclusions to which no response is required.

15.     Paragraph 15 of the Complaint states legal conclusions to which no response is required.  Labs otherwise denies the allegations of Paragraph 15.

16.     Paragraph 16 of the Complaint states legal conclusions to which no response is required.  Labs otherwise denies the allegations of Paragraph 16 except to admit that it conducts business in the state of New York.

17.     Labs denies the allegations of Paragraph 17 of the Complaint.

18.     Labs denies the allegations of Paragraph 18 of the Complaint.

## **True Return and the '797 Patent**

19.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.     Labs admits that a copy of the '797 Patent appears to be attached to the Complaint as Exhibit 1.  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30.     Labs denies the allegations of Paragraph 30 of the Complaint.

31.     Labs denies the allegations of Paragraph 31 of the Complaint.

32.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

## Compound

33.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34.     Labs admits that it initially developed the software commonly known as "Compound."  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35.     Labs admits that Compound operates autonomously. Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36.     In response to Paragraph 36 of the Complaint, Labs refers to the website https://compound.finance/governance for its contents.  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37.     Labs refers to the post titled "Community Multisig (4-of-6) Deployment" for its contents.  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38.     Labs admits that governance of the protocol called "Compound" is exercised based on the voting and delegation rights through COMP tokens.  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39.     Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

40.     Labs denies the allegations of Paragraph 40 that refer to Labs and Labs' alleged activity, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 40 of the Complaint.

41.     Labs admits that a protocol called "Compound" was launched in September 2018 and was upgraded to a version 2 in May 2019.  Labs otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

**Compound System**

42.     Labs admits that a publication titled "Compound: The Money Market Protocol" is attached to the Complaint as Exhibit 2.  Labs denies the remaining allegations of Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

44.     In response to Paragraph 44 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

45.     In response to Paragraph 45 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

46.     In response to Paragraph 46 of the Complaint Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

47.     In response to Paragraph 47 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

48.     In response to Paragraph 48 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

49.     In response to Paragraph 49 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

50.     In response to Paragraph 50 of the Complaint, Labs refers to the publication titled "Compound: The Money Market Protocol" for its contents.

51.     Labs admits that a publication titled "The Open Oracle System" is attached to the Complaint as Exhibit 3.  Labs denies the remaining allegations of Paragraph 51 of the Complaint.

52.     In response to Paragraph 52 of the Complaint, Labs refers to the publication titled "The Open Oracle System" for its contents.

53.     Labs admits that a publication titled "Compound API Introduction" is attached to the Complaint as Exhibit 4.  Labs denies the remaining allegations of Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 of the Complaint, Labs refers to the publication titled "Compound API Introduction" for its contents.

55.     In response to Paragraph 55 of the Complaint, Labs refers to the publication titled

"Compound API Introduction" for its contents.

56.     In response to Paragraph 56 of the Complaint, Labs refers to the publication titled "Compound API Introduction" for its contents.

57.     In response to Paragraph 57 of the Complaint, Labs refers to the publication titled "Compound API Introduction" for its contents.

58.     In response to Paragraph 58 of the Complaint, Labs admits that a publication titled "Open Price Feed" is attached to the Complaint as Exhibit 5.  Labs denies the remaining allegations of Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, Labs refers to the publication titled "Open Price Feed" for its contents.

60.     In response to Paragraph 60 of the Complaint, Labs refers to the publication titled "Open Price Feed" for its contents.

61.     In response to Paragraph 61 of the Complaint, Labs refers to the publication titled "Open Price Feed" for its contents.

62.     In response to Paragraph 62 of the Complaint, Labs refers to the publication titled "Open Price Feed" for its contents.

63.     In response to Paragraph 63 of the Complaint, Labs refers to the publication titled "Open Price Feed" for its contents.

64.     In response to Paragraph 64 of the Complaint, Labs refers to the publication titled "Open Price Feed" for its contents.

65.     Labs admits that a webpage titled "Compound FAQ" is attached to the Complaint as Exhibit 6.  Labs denies the remaining allegations of Paragraph 65 of the Complaint.

66.     In response to Paragraph 66 of the Complaint, Labs refers to the webpage titled

"Compound FAQ" for its contents.

67.     In response to Paragraph 67 of the Complaint, Labs refers to the webpage titled "Compound FAQ" for its contents.

68.     In response to Paragraph 68 of the Complaint, Labs refers to the webpage titled "Compound FAQ" for its contents.

69.     Labs admits that a publication titled "compound-finance/open-oracle" is attached to the Complaint as Exhibit 7.  Labs denies the remaining allegations of Paragraph 69 of the Complaint.

70.     In response to Paragraph 70 of the Complaint, Labs refers to the publication titled "compound-finance/open-oracle" for its contents.

71.     In response to Paragraph 71 of the Complaint, Labs refers to the publication titled "compound-finance/open-oracle" for its contents.

72.     Labs admits that a publication titled "cTokens Introduction" is attached to the Complaint as Exhibit 8.  Labs denies the remaining allegations of Paragraph 72 of the Complaint.

73.     In response to Paragraph 73 of the Complaint, Labs refers to the publication titled "cTokens Introduction" for its contents.

74.     In response to Paragraph 74 of the Complaint, Labs refers to the publication titled "cTokens Introduction" for its contents.

75.     Labs admits that a publication titled "Comptroller Introduction" is attached to the Complaint as Exhibit 9.  Labs denies the remaining allegations of Paragraph 75 of the Complaint.

76.     In response to Paragraph 76 of the Complaint, Labs refers to the publication titled "Comptroller Introduction" for its contents.

77.      In response to Paragraph 77 of the Complaint, Labs refers to the publication titled "Comptroller Introduction" for its contents.

78.      Labs admits that a publication titled "Supplying Assets to the Compound Protocol" is attached to the Complaint as Exhibit 10.  Labs denies the remaining allegations of Paragraph 78 of the Complaint.

79.      In response to Paragraph 79 of the Complaint, Labs refers to the publication titled "Supplying Assets to the Compound Protocol" for its contents.

80.      In response to Paragraph 80 of the Complaint, Labs refers to the publication titled "Supplying Assets to the Compound Protocol" for its contents.

81.      In response to Paragraph 81 of the Complaint, Labs refers to the publication titled "Supplying Assets to the Compound Protocol" for its contents.

82.      In response to Paragraph 82 of the Complaint, Labs refers to the publication titled "Supplying Assets to the Compound Protocol" for its contents.

83.      In response to Paragraph 83 of the Complaint, Labs refers to the publication titled "Supplying Assets to the Compound Protocol" for its contents.

### First Claim for Relief

84.      As and for its response to the allegations of Paragraph 84, Labs realleges and incorporates by reference its responses to the preceding Paragraphs, above.

85.      Labs denies the allegations of Paragraph 85 of the Complaint.

86.      Labs denies the allegations of Paragraph 86 of the Complaint.

87.      Labs denies the allegations of Paragraph 87 of the Complaint.

88.      Labs denies the allegations of Paragraph 88 of the Complaint.

89.      Labs denies the allegations of Paragraph 89 of the Complaint.

90.     Labs denies the allegations of Paragraph 90 of the Complaint.

91.     Labs denies the allegations of Paragraph 91 of the Complaint.

92.     Labs denies the allegations of Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint states legal conclusions to which no response is required.  Labs otherwise denies that the Exemplary Defendant Products practice the technology claimed by the '797 Patent and that the Exemplary Defendant Products satisfy all elements of the Exemplary '797 Patent Claims.

94.     Labs denies the allegations of Paragraph 94 of the Complaint.

95.     Labs denies the allegations of Paragraph 95 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

96.     Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, because there is no infringement, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any other way, any claim of the '797 Patent.

## THIRD AFFIRMATIVE DEFENSE

98.     Plaintiffs' claims are barred because there has been no willful infringement of the '797 Patent.

## FOURTH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims for injunctive relief are barred because Plaintiff has adequate remedies at law.

## FIFTH AFFIRMATIVE DEFENSE

100.    Plaintiff's claims are barred in whole or in part because it has not suffered any

damages and/or its damages are speculative and not recoverable.

## SIXTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims are barred because the '797 Patent is invalid and fails to meet

the conditions for patentability, including under 35 U.S.C. § 101, 102, 103 and 112, and, on

information and belief, is invalid in view of prior art including but not limited to the following:

Satoshi Nakamoto, *Bitcoin: A Peer-to-Peer Electronic Cash System*, (2008); Zhang et al., *Town

Crier: An Authenticated Data Feed for Smart Contracts*, (2016); U.S. Patent Publication No.

2017/0352027 A1; and U.S. Patent No. 11,165,589 B2.

## SEVENTH AFFIRMATIVE DEFENSE

102.    Labs reserves the right to supplement, amend or add to these affirmative defenses,

or to otherwise assert additional affirmative defenses based upon the particular claims identified

by Plaintiff as being infringed and/or the claim construction by the Court.

## COUNTERCLAIMS

Counterclaim Plaintiff Compound Labs, Inc. ("Counterclaim Plaintiff"), for its

Counterclaims against Counterclaim Defendant True Return Systems LLC ("Counterclaim

Defendant"), hereby alleges as follows:

## NATURE OF CLAIMS

1.    This is a case for declaratory judgment of patent invalidity and noninfringement

arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the patent laws of the

United States, 35 U.S.C. § 1, *et seq.*

2.      Counterclaim Defendant has created an actual controversy between itself and Counterclaim Plaintiff through its allegations of infringement of the '797 Patent as set forth in the Complaint.

## PARTIES

3.      Counterclaim Plaintiff Compound Labs, Inc. is a corporation organized under the laws of Delaware, having its principal place of business in California.

4.      Upon information and belief, Plaintiff and Counterclaim Defendant True Return Systems LLC is a limited liability company organized under the laws of Connecticut, having its principal place of business at 253 Turtle Back Road, New Canaan, CT 06840.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

6.      In the Complaint, Counterclaim Defendant asserts that is the owner of U.S. Patent No. 10,025,797 (the "'797 Patent") that was duly issued on July 17, 2018.  Upon information and belief, a true and correct copy of the '797 Patent is attached to the Complaint as Exhibit A.

7.      Counterclaim Defendant asserts in its Complaint that the Counterclaim Plaintiff infringes the '797 Patent "by making, using, offering to sell, selling and/or importing" certain products that infringe the '797 Patent.

8.      The Counterclaim Plaintiff does not infringe any valid claim of the '797 Patent.

9.      There is an immediate, real and justiciable controversy between Counterclaim Plaintiff and Counterclaim Defendant.

10.     Personal jurisdiction over Counterclaim Defendant is proper because the aforementioned immediate, real and justiciable controversies arise out of activities alleged by Counterclaim Defendant to have taken place in this jurisdiction.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement)

12.     Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of the Counterclaims, as if fully restated herein.

13.     Counterclaim Defendant has alleged that the Compound Protocol has infringed and continues to infringe the '797 Patent.

14.     Counterclaim Plaintiff denies True Return's allegations of infringement.

15.     There is an actual controversy between Counterclaim Plaintiff and Counterclaim Defendant, concerning the existence of infringement of the '797 Patent.

16.     Wherefore, Counterclaim Plaintiff is entitled to a declaratory judgment that the '797 Patent is not infringed by any product made, used, offered for sale or sold by Counterclaim Plaintiff.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

17.     Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 16 of the Counterclaims, as if fully restated herein.

18.      Counterclaim Defendant alleges that the '797 Patent was duly and legally issued and is valid and enforceable.

19.     An actual controversy exists between Counterclaim Plaintiff and Counterclaim Defendant regarding the validity of the '797 Patent.

20.     One or more claims of the '797 Patent is invalid, for failure to satisfy one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

21.     Upon information and belief, the '797 Patent is invalid over the prior published art, including but not limited to the following: Satoshi Nakamoto, *Bitcoin: A Peer-to-Peer Electronic Cash System*, (2008); Zhang et al., *Town Crier: An Authenticated Data Feed for Smart Contracts*, (2016); U.S. Patent Publication No. 2017/0352027 A1; and U.S. Patent No. 11,165,589 B2.

22.     Wherefore, Counterclaim Plaintiff is entitled to a declaration that the '797 Patent is invalid.

**PRAYER FOR RELIEF**

Accordingly, Intervenor-Defendant and Counterclaim Plaintiff respectfully requests that the Court enter an Order providing the following relief:

a.     Dismissing all counts in the Complaint and otherwise denying any and all requests for relief by Counterclaim Defendant;

b.      Otherwise denying any and all requests for relief by Counterclaim Defendant in the Complaint;

c.     Granting a declaration that Defendant and Intervenor-Defendant have not infringed any claim of the '797 Patent;

d.     Granting a declaration that the '797 Patent is invalid;

e.     Awarding to Intervenor-Defendant reasonable attorneys' fees, costs, and expenses in this proceeding pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

f.      Granting such other and further relief as allowed at law or in equity that the Court

deems just.

## **JURY DEMAND**

Answering Intervenor-Defendant and Counterclaim Plaintiff demands a trial by jury of

all issues so triable.

Dated: June 6, 2023
      New York, NY                   MORRISON COHEN LLP

                               By: */s/ Alvin C. Lin*
                                   Alvin C. Lin
                                   Jason P. Gottlieb
                                   Daniel C. Isaacs
                                   MORRISON COHEN LLP
                                   909 Third Avenue
                                   New York, NY 10022
                                   (212) 735-8600

                                   *Attorneys for Interevenor-Defendant Compound*
                                   *Labs, Inc.*