UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUE RETURN SYSTEMS LLC,

    Plaintiff,

vs.

COMPOUND PROTOCOL,

    Defendant.

Case No. 1:22-cv-08483-JGLC

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF COMPOUND LABS, INC.'S MOTION TO INTERVENE**

MORRISON COHEN LLP

Alvin C. Lin
Jason P. Gottlieb
Daniel C. Isaacs
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Proposed Intervenor
Defendant Compound Labs, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    I.    Labs Is Entitled to Intervention as of Right Under Rule 24(a) ...................... 3

        A.    Labs' Motion to Intervene Is Timely ...................................................... 3

        B.    Labs Has a Significantly Protectable Interest in this Action That, Without Intervention, Will Be Impaired by the Disposition of this Action ........................ 5

        C.    Protocol Cannot Adequately Represent Labs ......................................... 6

    II.    Labs' Motion Meets the Standards for Permissive Intervention ................... 7

    III.    Labs' Conduct Does Not Disqualify It from Intervention ............................. 7

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Beam v. HSBC Band USA*,
   No. 02-CV-0682E(SR), 2004 WL 944522 (W.D.N.Y. 2004) ...................................................4

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001)..................................................................................................4

*Catanzano by Caranzano v. Wing*,
   103 F.3d 223 (2d Cir. 1996)..................................................................................................4

*Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Markets*,
   847 F.2d 1038 (2d Cir. 1988)................................................................................................3

*In re Holocaust Victim Assets Litig.*,
   225 F.3d 191 (2d Cir. 2000)..................................................................................................4

*Kamdem-Ouaffo v. PepsiCo, Inc.*,
   314 F.R.D. 130 (S.D.N.Y.2016) ...........................................................................................4

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*,
   471 F.3d 377 (2d Cir. 2006).............................................................................................3, 4

*U. S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978)..................................................................................................7

*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994)......................................................................................................7

*United States v. State of N.Y.*,
   820 F.2d 554 (2d Cir. 1987)..................................................................................................4

**STATUTES & RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................2, 9

Fed. R. Civ. P. 24(a) ...................................................................................................................1, 3

Fed. R. Civ P. 24(a)(2)....................................................................................................................9

Fed. R. Civ. P. 24(b) ..............................................................................................................1, 7, 9

This reply memorandum of law is respectfully submitted in further support of Compound Labs, Inc.'s ("Labs") motion to intervene as of right pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, by permission pursuant to Fed. R. Civ. P. 24(b).

## PRELIMINARY STATEMENT

Plaintiff's opposition brief ("Opp. Br.") objects strenuously to having an opponent in this litigation. It thus demonstrates Plaintiff's true intention in this case – to obtain a default judgment.

As set forth in Labs' motion to intervene (ECF 42), Plaintiff has asserted claims of infringement of U.S. Patent No. 10,025,797 (the "'797 Patent") against "Compound Protocol" ("Protocol"), which is nothing more than a collection of open-source software. In doing so, Plaintiff has knowingly sued a non-entity, with no ability to appear in this action, setting the stage for a default judgment that Plaintiff can then wield against others who have worked on, used, or financed that software protocol.

Critically, Plaintiff's opposition brief does not deny this intention. Instead, Plaintiff tries some sleight of hand: never mind what the caption says, because in naming "Compound Protocol" as the Defendant, what Plaintiff actually **meant** was that it was suing an undefined, unspecified group of **users** of the Compound Protocol. And now, Plaintiff feigns surprise and cries foul because that undefined group of undifferentiated and unspecified people did not show up to defend the action. But this is subterfuge: Plaintiff named "Compound Protocol" as the defendant **precisely** because it did not want anybody to show up to defend this case, which would enable it to obtain and then wield a default judgment and use it against Labs, Labs' personnel, and various other users of Compound Protocol. In the same way Plaintiff received its patent – using language that nobody else uses, failing to disclose prior art, and hiding what it was actually doing – Plaintiff named the Protocol, in the hopes that nobody would appear, to disguise its real targets.

By way of this motion to intervene, someone did show up. And not just any "someone" – Labs, the company that first created and developed the Compound Protocol, before releasing it in an open-source method, and giving it to the community of users. By all reasonable measure, Labs is the most (and perhaps only) appropriate party to defend this action, as it has the most direct interest in the outcome of the litigation. Plaintiff's opposition brief suggests it would welcome someone to show up and defend the case, but complains vociferously about that someone being Labs. Plaintiff argues that Labs is completely separate from the Protocol: it does not operate the Protocol, profit directly from use of the Protocol, or manage the Protocol. Those facts are true. But Plaintiff's argument studiously ignores that Labs has a significant interest in this litigation, because of the potential collateral consequences to Labs of a default judgment. If nobody appears to defend this suit – which will be the case if Labs' motion to intervene is denied – then with no party to defend, there will be nobody to apprise the Court of the salient and material facts concerning the invalidity of the patent and the frivolousness of the infringement allegations. Plaintiff will then be in the position to obtain a judgment on default, which it could then hold against Labs and others.

Were Plaintiff willing to commit to this Court that it will never try to hold its patent or any default judgment against Labs, its employees, or current or former personnel, then, and only then, Plaintiff might be able to defeat the obvious conclusion that Labs has a significant interest that justifies intervention in this matter. But Plaintiff will not do this, and it avoided any such suggestion in its opposition brief. It is thus clear that Labs' intervention is appropriate to protect itself and its personnel. To that end, Labs is prepared to intervene, and defend this case – including submitting a motion under Fed. R. Civ. P. 12(b)(6) to dismiss this case on the grounds that the '797 Patent is facially invalid.

# ARGUMENT

## I. LABS IS ENTITLED TO INTERVENTION AS OF RIGHT UNDER RULE 24(A)

The opposition fails to controvert that Labs meets all of the criteria required for intervention as of right under Fed. R. Civ. P. 24(a). Its motion is timely; it asserts an interest in the subject matter of this action; without intervention its ability to protect that interest will be impaired; and it is not adequately represented by Protocol. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006).

### A. Labs' Motion to Intervene Is Timely

Labs promptly sought intervention in this case – Plaintiff's assertion that there was an "inexcusable delay" in seeking intervention is baseless. (Opp. Br. at 6). The Complaint was filed on October 5, 2022 (ECF 1), yet Plaintiff only completed service of process on March 22, 2023. (ECF 21). Labs' motion to intervene was filed shortly thereafter on June 6, 2023 (ECF 40-42), before any default judgment was entered against Protocol (ECF 39). There have been no material proceedings at this point. To the extent there is any temporal delay from the time of filing of the Complaint to its service, any such delays were entirely within Plaintiff's control – it took Plaintiff over five months to complete service, only after the Court issued an order instructing Plaintiff to serve the complaint or face dismissal. (ECF 10-12).

Moreover, although Plaintiff acknowledges that determining timeliness of a motion to intervene is a decision within the Court's discretion "evaluated against the totality of the circumstances before the court," (Opp. Br. at 6 (citing *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Markets*, 847 F.2d 1038, 1043-44 (2d Cir. 1988))), Plaintiff's opposition does not show how the motion can be considered untimely in view of the other relevant factors and in particular, Plaintiff sets forth no articulation of any potential prejudice to it as the result of the timing of the intervention motion. None of the cases that Plaintiff cites to support its contention

that Labs' motion is "egregiously untimely" (Opp. Br. at 1) support the same conclusion here. In fact, all of these other cases are completely inapposite, involving circumstances where the motion to intervene was filed at a significantly later stage in the litigation after there had been substantive proceedings, where defendants had appeared in the action and therefore there was no specter of potential default judgment, where there was a finding of prejudice to the other participants in the litigation and/or where there was a finding of other special circumstances rendering the motion untimely. *See Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 133-135 (S.D.N.Y. 2016) (motion to intervene filed 18 months after complaint filed, defendants had appeared and filed answers, and case had been referred to magistrate judge); *Mastercard Int'l*, 471 F.3d at 390-91 (intervention motion filed on "the eve of [a] preliminary injunction hearing" would have "resulted in prejudice to the existing parties because it [] postponed resolution of [their] dispute"); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 183 (2d Cir. 2001) (intervention sought at "the late stage of litigation" where there were "the unusual circumstances of the hereto cooperative relationship between [proposed intervenor] and the [existing party]"); *Catanzano by Caranzano v. Wing*, 103 F.3d 223, 232-34 (2d Cir. 1996) (proposed intervenor waited more than 18 months after the district court's determination that it had an interest in the action); *United States v. State of N.Y.*, 820 F.2d 554, 557 (2d Cir. 1987) (finding that parties would "obviously be greatly prejudiced" and "unusual circumstances support[ed] a finding of untimeliness"); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 2000) (noting the "late stage" in the litigation "would prejudice the existing parties by destroying their Settlement and sending them back to the drawing board"); *Beam v. HSBC Band USA*, No. 02-CV-0682E(SR), 2004 WL 944522, at *2 (W.D.N.Y. 2004) (denying intervention where "the parties would suffer prejudice if the Proposed Intervenors' motion were granted" because the action "would be delayed by additional motion practice and the

4

need for additional discovery" and "granting the Proposed Intervenor's motion would inject additional issues that would exacerbate the complexity of the existing legal issues").

Labs' motion was brought promptly after service of the Complaint, and there have been no substantive proceedings or discovery. Plaintiff has not articulated any prejudice to it and there is none, nor has Plaintiff identified any unusual circumstances that would render the motion untimely in the present case. Under the totality of the circumstances, Labs' intervention is undoubtedly timely and should be granted.

### B. Labs Has a Significantly Protectable Interest in this Action That, Without Intervention, Will Be Impaired by the Disposition of this Action

Labs clearly has a "significantly protectable interest" in this case that is far from "remote" or "contingent" and will be impaired by disposition of the action (Opp. Br. at 8). Throughout its opposition brief, Plaintiff conflates Labs' interest in Protocol with Labs' interest in the present litigation. (*See* Opp. Br. at 4-5, 8-10). Plaintiff thus asserts that Labs has "no operational, management, or profit interest in Compound Protocol" – all absolutely true. (Opp. Br. at 4). Labs fully relinquished control over Protocol in June 2020. (ECF 41 ¶ 4). But this in no way contradicts the notion that Labs can, and does, have a significant interest in the present litigation. Labs is the only party that created and launched the Protocol, (ECF 41 ¶ 3-4), and appears to be accused of directly or indirectly causing the infringement alleged by Plaintiff. (ECF 42 at 9-10). No other party can defend Labs' position as the initial developer of Protocol.

Furthermore, Plaintiff has alleged that Labs bears liability for Protocol's alleged infringement by virtue of Labs' ownership of COMP tokens. (ECF 1 ¶¶ 10-13). Under Plaintiff's theory, COMP token holders are jointly and severally liable for Protocol's liabilities, and any adverse judgment against Protocol could be held against Labs (and other COMP token holders). (Opp. Br. at 2; ECF 18 at 1-6; ECF 41, Exs. C, E). It is clear that Plaintiff intentionally omitted

5

Labs as a defendant in this case in an attempt to obtain a default judgment, which it will enforce against Labs. Notably, Plaintiff does not deny its intention to do so at any point in its opposition brief. Labs thus has a significantly protectable interest that, without intervention, will be impaired by the disposition of this action.

      **C.**     <u>**Protocol Cannot Adequately Represent Labs**</u>

Throughout its opposition brief, Plaintiff repeatedly conflates Protocol, which is a collection of open source software, with COMP token holders, who may participate in the governance of Protocol by voting COMP tokens. (*See, e.g.*, Opp. Br. at 3 ("Defendant Compound Protocol is a cryptocurrency lending business and marketplace governed by the owners of tokens (i.e., interests) called 'COMP.'"); *see also* Opp. at 3-4, 10-11).[1] While Labs has repeatedly explained to Plaintiff the difference between Labs, the Protocol, and COMP token holders, (ECF 41, Exs. D, G, J), Plaintiff insists that Protocol, as software, is "more than capable of defending this action." (Opp. Br. at 10). However, Protocol itself has no ability to appear in this action or mount a defense against Plaintiff's patent infringement claims. Again: it is software. Despite knowing that Protocol is a non-entity, Plaintiff has intentionally proceeded solely against Protocol, with the intention of obtaining a default judgment when Protocol does not appear.

Furthermore, even if COMP token holders were capable of obtaining legal counsel, as suggested by Plaintiff, (Opp. Br. at 10), they would have no way of knowing that they are meant to be a party to this suit. Plaintiff did not sue the "Compound DAO" or "COMP token holders." Plaintiff literally sued the "Compound Protocol" – even after being repeatedly informed that the Protocol is nothing more than software. Labs has clearly met the "minimal" burden of establishing

---

[1] Here, Plaintiff's use of language to describe Protocol as synonymous with COMP token holders closely mirrors its use of unusual terminology in its application for the '797 Patent to avoid meaningful review by the United States Patent and Trademark Office. (ECF 42 at 1, 5).

that its interests are not adequately represented by Protocol. *U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

## II. LABS' MOTION MEETS THE STANDARDS FOR PERMISSIVE INTERVENTION

In the alternative, Labs meets the standards for permissive intervention under Fed. R. Civ. P. 24(b). As set forth above, Labs' motion is timely, and cannot be said to prejudice the existing parties in any way. While Plaintiff alleges that "a grant of Compound Labs' Motion would be prejudicial to the rights of the original parties to this litigation," (Opp. Br. at 11), Plaintiff at no point articulates **how** it will be prejudiced by Labs' intervention. Furthermore, Labs' participation will in no way "delay and impair Plaintiff's resolution of the matter." (*Id*.). Rather, as the creator of Protocol, Labs is uniquely positioned to speak to Protocol's development and functionality, and will thus contribute to the development of the underlying factual issues and the just and equitable adjudication of this issues present. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) (intervention is meant to "efficiently adminstrat[e] legal disputes by resolving all related issues in one lawsuit" and "keep[] a single lawsuit from becoming unnecessarily complex, unwieldy, or prolonged.").

## III. LABS' CONDUCT DOES NOT DISQUALIFY IT FROM INTERVENTION

Finally, Plaintiff argues that Labs should be barred from intervening in this action because it engaged in some nefarious or inequitable conduct against Plaintiff. Specifically, Plaintiff's opposition alleges that Labs has taken part in "deliberate obstruction in blocking documents and notices in this matter" which "should preclude its participation as an intervenor under Rule 24(b)." (Opp. Br. at 11). This accusation is baseless. None of the conduct alleged by Plaintiff even remotely gives rise to the suggestion that Labs has engaged in a prejudicial "pattern of behavior." (Opp. Br. at 12). In any event, Plaintiff's allegations of misconduct are distorted and false.

7

Plaintiff first alleges that on March 10, 2022, months before Plaintiff even commenced this lawsuit, it delivered a notice letter and draft complaint via Twitter. (Opp. Br. at 11). In fact, Plaintiff's message was misdirected to @compoundfinance, (*see* ECF 16, Ex. M), an account which is controlled by Labs. (ECF 41 ¶ 13). Labs promptly informed Plaintiff that it was attempting to sue software, and that its lawsuit was misplaced. (ECF 41, Exs. G, J). There was absolutely nothing improper about Labs' communications concerning the Twitter post.

Plaintiff further alleges that on the same day, it delivered the same documents to the Compound Community Forum, but that its post was "unlisted." (Opp. Br. at 12 (citing ECF 16, Ex. N)). Plaintiff offers no explanation as to what "unlisted" means, and does not accuse Labs of interacting with its post. In any event, these events occurred long before Plaintiff ever filed its lawsuit against Protocol, and hence do not bear on Labs' right to intervene.

Finally, Plaintiff alleges that on October 12, 2022, it provided copies of the Complaint, summons, and a letter requesting waiver of service to Protocol via the Forum. (Opp. Br. at 12). Here, the document cited by Plaintiff (*see* ECF 16, Ex. O), appears to be nothing more than an automated reply stating that Plaintiff's post was received, but is subject to approval. Thus, Plaintiff's suggestion of impropriety associated with this document – let alone any impropriety by Labs – is without support. Any assertion by Plaintiff that Labs has "delayed and prejudiced Plaintiff's rights" (Opp. Br. at 12) may be ignored.

## **CONCLUSION**

For the reasons set forth herein and in Labs' moving memoranda, Labs respectfully requests that this Court grant Labs permission to intervene either as of right pursuant to Fed. R. Civ P. 24(a)(2) or, in the alternative, by permission pursuant to Fed. R. Civ. P. 24(b), and to defend against this action and establish the invalidity of the '797 Patent, including through the filing of a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint in its entirety.

Dated: New York, New York
July 19, 2023

                                                      MORRISON COHEN LLP

By:  */s/ Alvin C. Lin*
     Alvin C. Lin
     Jason P. Gottlieb
     Daniel C. Isaacs
     909 Third Avenue
     New York, New York 10022
     (212) 735-8600

*Attorneys for Proposed Intervenor Defendant Compound Labs, Inc.*