UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUE RETURN SYSTEMS LLC,

                          Plaintiff,

        -against-

COMPOUND PROTOCOL,

                          Defendant.

22-CV-8483 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is a motion to intervene pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), filed by Compound Labs, Inc. ("Proposed Intervenor" or "Compound Labs"). ECF No. 40. Plaintiff True Return Systems LLC ("True Return") opposes the motion. ECF No. 43 ("Opp."). For the reasons set forth below, Compound Labs' motion to intervene is **GRANTED**.

## BACKGROUND

Plaintiff brings this action for patent infringement against Compound Protocol (the "Protocol") for violation of U.S. Parent No. 10,025,797 (the "'797 Parent"). ECF No. 1 ("Compl.) ¶ 1. Plaintiff is a limited liability corporation and the assignee of all rights, title, and interest in the '797 Patent. Compl. ¶¶ 3, 32. The '797 Patent relates to the efficient functioning of blockchain technology and "is generally directed to systems and methods that improve distributed-ledger technology by addressing computation time, storage, and security constraints inherent to distributed ledgers." Compl. ¶ 25.

Plaintiff and Proposed Intervenor Compound Labs disagree over Defendant Protocol's legal status. According to Plaintiff, Compound Protocol is a decentralized autonomous organization operating a "cryptocurrency lending business and marketplace" comprised of

"groups of voting and governing owners." Opp. at 3; Compl. ¶ 6.  Proposed Intervenors, on the other hand, contend that Compound Protocol is mere software and as such, "has no legal existence" or "the capacity to sue or be sued." ECF No. 42 ("Intv. Mem.") at 11. For purposes of the Court's analysis of the motion to intervene, the Court will assume, regardless of whether the entity was appropriately named,[1] that Plaintiff intended to sue, as alleged in the Complaint, "a decentralized autonomous organization." Compl. ¶ 4

Proposed Intervenor Compound Labs is the software company responsible for the development of the Protocol as well as its implementation to the Ethereum blockchain (a cryptocurrency platform). Intv. Mem. at 3; Compl. ¶¶ 9, 10. Compound Labs launched the Protocol in September 2018 and initially served as its administrator. Intv. Mem. at 4; Compl. ¶ 10. Compound Labs relinquished its administrative control over the Protocol in June 2020 to holders of "COMP Tokens." Intv. Mem. at 4; Compl. ¶ 10. COMP Tokens confer on its holders ("Token Holders") voting and governance rights over the Protocol, and the Token Holders collectively are a decentralized autonomous organization. Intv. Mem. at 4; Compl. ¶ 10. Compound Labs asserts that it still retains an interest in the litigation as the "main party responsible for developing the Protocol," and "by virtue of its ownership of COMP tokens." Intv. Mem at 1–2, 9–10.

## PROCEDURAL HISTORY

Plaintiff commenced the underlying action on October 5, 2022. ECF No. 1. On January 24, 2023, Plaintiff filed a letter motion requesting an extension of time to effect service on

---

[1] Compound Labs argues that Plaintiff erroneously named the software (Compound Protocol) and not the decentralized autonomous organization it apparently intended to sue. Compound Labs contends that, to the extent Plaintiff sought to sue a decentralized autonomous organization, it should have sued Compound DAO or the COMP token holders.

Defendant as it had been "unable to serve Defendant Compound Protocol because of the unique status of the entity." ECF No. 11 at 1. On February 1, 2023, Plaintiff moved to serve Defendant by electronic means, which the Court granted on March 6, 2023. ECF Nos. 13, 20. Compound Protocol was served on March 22, 2023, and its response to the Complaint was due on April 14, 2023. ECF No. 21. Defendant failed to appear or respond to the Complaint by the deadline. Accordingly, on April 25, 2023, the Court directed Plaintiff to move for default judgement as to Defendant or otherwise show cause for why the matter should not be dismissed for failure to prosecute. ECF No. 22. The Court's order was served on Defendant on May 4, 2023. ECF No. 25. On May 5, 2023, counsel for Proposed Intervenor appeared and filed a letter-motion requesting leave to file a motion to intervene. ECF Nos. 33–37. The Court granted Proposed Intervenor's letter-motion, and Compound Labs moved to intervene on June 6, 2023. ECF Nos. 39–40.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 permits a third party to intervene in an ongoing litigation as of right or by permission of the court. *Extenet Sys., LLC. v. Vill. of Kings Point*, No. 22-1265, 2023 WL 4044076, at *1 (2d Cir. June 16, 2023). Where a court finds that a movant has met the standard for permissive intervention, the court "need not reach the question of intervention as of right." *In re Reyes*, No. 19-CV-7219 (AT), 2019 WL 6170901, at *2 n.1 (S.D.N.Y. Nov. 20, 2019).

A court may permit intervention under Rule 24(b) where a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "A district court's discretion under Rule 24(b) is 'broad.'" *335-7 LLC v. City of New York*, No. 20-CV-1053 (ER), 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020) (quoting *Restor-*

*A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)). The

principal consideration in deciding whether to grant permissive intervention is "whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.

R. Civ. P. 24(b)(3); *see also United States* v. *Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994).

Other relevant factors include "the nature and extent of the intervenors' interests, whether the

intervenors' interests are adequately represented by the other parties and whether parties seeking

intervention will significantly contribute to full development of the underlying factual issues in

the suit and to the just and equitable adjudication of the legal questions presented." *Extenet*, 2023

WL 4044076, at *1 (quoting *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978))

(internal quotation marks omitted).

## DISCUSSION

Compound Labs has met the standard for permissive intervention under Rule 24(b)(1)(B).

Compound Labs, as the creator of the Protocol and a COMP Token holder, "share[s] the common

objective" with any defense in this case. *Bionpharma Inc. v. CoreRx, Inc*., No. 21-CV-10656

(JGK), 2022 WL 580767, at *5 (S.D.N.Y. Feb. 24, 2022).  In particular, Compound Labs has an

interest in defending this action and obtaining a court order finding that the Protocol technology

does not violate the '797 patent. It created the software that Plaintiff alleges infringes its patent,

and continues to own an interest, albeit not a controlling one, in the decentralized autonomous

organization as a COMP token holder.

Furthermore, Compound Labs, the creator and initial administrator of the alleged

infringing software, will undoubtedly "contribute to full development of the underlying factual

issues in the suit and to the just and equitable adjudication of the legal questions presented."

*Extenet*, 2023 WL 4044076, at *1 (quoting *Brennan*, 579 F.2d at 191–92). Courts in this Circuit

4

have recognized the benefits of intervention by a party "whose viewpoint and knowledge of the underlying circumstances would assist the Court during the course of litigation." *335-7*, 2020 WL 3100085, at *3 (citing *Miller v. Silbermann*, 832 F. Supp. 663, 674 (S.D.N.Y. 1993); *see also Ellender v. Schweiker*, 550 F.Supp. 1348, 1360 (S.D.N.Y. 1982) (intervention granted where intervenors in position to "add to the Court's understanding of the facts"). Here, Compound Labs is in a unique position to assist the Court in understanding the functioning and mechanics of the alleged infringing technology. That is particularly important here where Defendant has not appeared in this action or responded to the Complaint.

Plaintiff contends the Court should deny permissive intervention because the motion is untimely. In evaluating timeliness, courts consider: "(a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006). Even assuming, as Plaintiff avers, that Compound Labs knew about the action for over a year, there is no prejudice to Plaintiff.

Compound Labs' motion was filed at an early stage in the litigation, prior to any substantive motions or active discovery. Plaintiff cannot claim an appreciable burden from Compound Labs' intervention where there are no pending deadlines. "[T]here is no harm to [Plaintiff's] interests if intervention is granted at this early stage in the litigation." *335-7*, 2020 WL 3100085, at *4.

Plaintiff also failed to identify any credible prejudice it would suffer as a result of Compound Labs' intervention. Plaintiff speculates that allowing Compound Labs to intervene

might undermine settlement discussions with Defendant. Intv. Mem. at 11. But Defendant has not appeared in this action, and Plaintiff has not indicated that any settlement discussions have occurred or appear imminent. This speculative concern does not support a finding of prejudice.

On the other hand, prohibiting intervention would prejudice Compound Labs. It could result in a finding that their software infringed Plaintiff's patent without any ability by Compound Labs to defend against those allegations. Accordingly, the Court will permit Compound Labs to intervene in this action.

## CONCLUSION

For the aforementioned reasons, Proposed Intervenor's motion to intervene is **GRANTED**. The Clerk of the Court is respectfully directed to terminate the motion, ECF No. 40.

Dated:  September 25, 2023
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge