

BOAG LAW, PLLC
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

January 8, 2024

*via ECF*
The Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:  *True Return Systems LLC v. Compound Protocol*, No. 22-cv-08483-JGLC
     Our File: TRUE.220217.COM

Dear Judge Clarke:

This firm represents Plaintiff True Return Systems, LLC. ("TRS"). We write in connection with the January 5, 2024 letter from Intervenor Defendant Compound Labs, Inc. ("Labs").

On January 5, 2024, the USPTO Patent Trial and Appeal Board ("PTAB") granted a petition by the DeFi Education Fund to institute an *inter partes review* ("IPR") of TRS's '797 Patent. Plaintiff believes that the grant is in error and intends to vigorously contest the proceeding. Nonetheless, the granting of the petition does not change TRS's position that action before this Court should proceed.

In granting the petition, the PTAB has not made a substantive determination that any claim of the '797 Patent is invalid. Rather, the Board has only found that the petitioner made a threshold showing sufficient to proceed with the IPR:

> Our factual findings and determinations at this stage of the proceeding are preliminary, and based on the evidentiary record developed thus far. This is not a final decision as to the patentability of claims for which inter partes review is instituted. Our final decision will be based on the record as fully developed during trial.

*DeFi Education Fund v. True Return Systems, LLC*, IPR2023-01388, Paper No. 7 at 29 (P.T.A.B. January 5, 2024). *See also* 35 U.S.C. § 314(a); 77 Fed. Reg. at 7046 (describing the threshold as a "somewhat flexible standard that allows the judge room for the exercise of judgment").

Besides the continued validity of the '797 Patent, granting a stay here is unlikely to simplify the issues for at least the reason that it is unlikely that the IPR will fully resolve the issues before the Court. Plaintiff's '797 Patent has 20 claims and it is likely that some or all claims would remain after the IPR. Plaintiff maintains the positions set forth in its Opposition (Dkt. No. 50).

Resolution of the IPR could take until well into 2025, which would prejudice TRS's efforts to recover for the ongoing infringement of the '797 Patent and reward the evasive conduct of Defendant.

-2-

Respectfully submitted,

David A. Boag

cc: All counsel of record (via ECF)