UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUE RETURN SYSTEMS LLC,

                Plaintiff,

-against-

COMPOUND PROTOCOL,

                Defendant,

-and-

COMPOUND LABS, INC.,

                Intervenor Defendant.

22-CV-8483 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Before the Court is Compound Labs, Inc.'s ("Compound Labs") motion to stay this case pending completion of an *inter partes* review ("IPR") proceeding before the Patent Trial and Appeal Board ("PTAB") filed by a non-party to this action (the "Petitioner"). ECF No. 46. PTAB initiated the IPR to review each of the twenty claims comprising Plaintiff's U.S. Patent No. 10,025,797 (the "'797 Patent"), having found that there is "a reasonable likelihood of showing that at least one claim of the '797 patent is unpatentable." ECF No. 52-1 at 9, 28. For the reasons set forth below, Compound Labs' motion is GRANTED and this action is hereby stayed.

## LEGAL STANDARD

    "A federal district court has inherent power to stay an action pending *inter partes* review." *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-CV-5539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017) (citing *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016)). "Courts in this District consider three factors in determining whether a stay pending resolution of IPR proceedings is appropriate: (1) whether a stay will simplify the issues

in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (internal quotation marks omitted). "The party seeking the stay bears the burden of demonstrating that such relief is warranted." *Id.* (internal quotation marks omitted).

"*Inter partes* reviews were specifically established by Congress with the 'policy goals of streamlining the patent process in general and in focusing patent enforcement litigation, thus limiting costs for all parties and preserving judicial resources.'" *Nike, Inc. v. Lululemon USA Inc.*, No. 22-CV-82 (RA), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (quoting *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544 (KAM), 2019 WL 365709, at *2 (E.D.N.Y. Jan. 30, 2019)). "In view of those significant policy goals, 'the better course is to allow the [Patent and Trademark Office] to apply its expertise to these proceedings before considerable judicial resources are expended.'" *Id.* (quoting *Synkloud Techs., LLC v. Cartessa Aesthetics, LLC*, No. 21-CV-4423 (GRB), 2022 WL 1046261, at *4 (E.D.N.Y. Apr. 6, 2022)).

## DISCUSSION

Each of the factors described above weighs in favor of staying this action pending a resolution from PTAB.

### I.     The IPR Proceedings Are Likely to Simplify the Issues in this Action

Regardless of the outcome of the IPR, PTAB's decision will streamline the issues in this case. PTAB's IPR concerns each of the twenty claims comprising Plaintiff's patent. *See Kannuu Pty Ltd. v. Samsung Elecs. Co.*, No. 19-CV-4297 (ER), 2021 WL 195163, at *8 (S.D.N.Y. Jan. 19, 2021), *aff'd*, 15 F.4th 1101 (Fed. Cir. 2021) ("Certainly, this factor favors a stay when all claims at issue are subject to IPR proceedings."). Should PTAB cancel Plaintiff's patent claims,

this action would become moot. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). If PTAB were to cancel some, but not all, of Plaintiff's patent claims, "it would at least narrow the issues before the Court regarding those claims." *Kannuu Pty Ltd.,* 2021 WL 195163, at *9 (internal citation omitted). And even if PTAB upheld each of Plaintiff's patent claims, "the Court would still benefit from the expert guidance contained in the PTAB's decision." *Molo Design, Ltd. v. Chanel, Inc.*, No. 21-CV-1578 (VEC), 2022 WL 2135628, at *2 (S.D.N.Y. May 2, 2022). The fact that the IPR petition was brought by a third-party does not change this finding. *See Goodman*, 2017 WL 5636286, at *1, 4 (granting stay pending final PTAB decision in IPR petitions filed by third-parties).

The Court concludes that this factor heavily favors a stay.

**II.   This Action Is at an Early Stage**

The second factor, the stage of the litigation, also weighs in favor of granting a stay. *See Kannuu Pty Ltd.*, 2021 WL 195163, at *10 ("A case that is at the early stage of its lifespan generally favors granting a stay. . . ."). This litigation is in its early stages, prior to any substantive motions or active discovery. *See* ECF No. 45 at 5; *see also id.* ("[T]his factor's analysis focuses not on the time that has passed since the suit was commenced but rather on its procedural progress.").

**III.   A Stay Will Not Prejudice Plaintiff**

Lastly, the Court finds that a stay pending IPR proceedings will not unduly prejudice Plaintiff. Courts consider four sub-factors in analyzing prejudice, including (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings;

and (4) the relationship of the parties. *Molo Design*, 2022 WL 2135628, at *3. "[I]t is well established that mere delay in the litigation does not establish undue prejudice for purposes of a motion to stay." *Goodman*, 2017 WL 5636286, at *3 (internal quotation marks omitted).

Regarding the first sub-factor, Petitioner filed the IPR petition on September 7, 2023, one month prior to the statutory deadline. ECF No. 50 ("Pl. Mem.") at 6. "Courts in this District and other circuits have regularly concluded that this sub-factor weighs in favor of granting a stay where a party files its IPR proceedings within the one-year statutory deadline set forth under 35 U.S.C. § 315(b)." *Kannuu Pty Ltd.*, 2021 WL 195163, at *10 (collecting cases).

The second sub-factor also favors granting a stay. Compound Labs proposed filing a motion to stay pending the IPR on September 29, 2023, four days after it was granted leave to intervene and during its first appearance before the Court. ECF No. 47 at 15–16. As such, the record does not support that the timing of Compound Labs' motion was "dilatory or likely to give it a tactical advantage." *Rovi Guides, Inc.*, 2017 WL 4876305, at *4.

Plaintiff makes much of the fact that the named Defendant has not appeared in this action. *See* Pl. Mem. at 18. Plaintiff argues that staying this action would unfairly benefit the named Defendant who has improperly failed to appear in this action. *Id*. However, the parties dispute whether Plaintiff named the correct entity in bringing this suit, ECF No. 47 at 1–2, Pl. Mem. at 1–3, and the Court has not resolved that issue. *See* ECF No. 45 at 2. As such, the Court cannot conclude that a stay would unfairly benefit the named Defendant.

As to the third sub-factor, "given that the PTAB has already granted review on [Plaintiff's] patent[] at issue, the status of the IPR proceedings is not likely to cause any undue prejudice or tactical advantage if a stay is granted." *Rovi Guides, Inc.,* 2017 WL 4876305, at *4; ECF 52-1 at 2, 28–29.

Finally, the relationship between the parties weighs in favor of a stay. The primary concern in this sub-factor is, where the parties are direct competitors, whether the moving party is trying to use the stay to gain an unfair advantage in the market. *Goodman*, 2017 WL 5636286, at *3. Again, Plaintiff does not argue, and nothing in the record supports, that Plaintiff and Compound Labs are competitors or that Compound Labs is trying to use this motion as a means to gain an unfair advantage. *See id.*; *see also Kannuu Pty Ltd.*, 2021 WL 195163, at *11.

Having considered all four of the prejudice sub-factors, the Court concludes that Plaintiff will not be unduly prejudiced by a stay. As each of the three primary factors weighs in favor of granting a stay, the Court concludes that a stay pending the IPR proceedings is warranted.

## CONCLUSION

For the foregoing reasons, Intervenor Defendant's motion to stay is **GRANTED**. The Clerk of Court is respectfully directed to terminate the motion, ECF No. 46.

Dated: January 31, 24
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge